# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 0935 |
| v. ) | |
| ) | Judge John W. Darrah |
| MAURICE WILBON ) | |

## MEMORANDUM OPINION AND ORDER

The Defendant, Maurice Wilbon, was charged by a one-count indictment of bank robbery of First Bank on December 20, 2005. On October 4, 2007, after a jury trial, Defendant was convicted of bank robbery. Presently before the Court are Defendant's Motion for Judgment of Acquittal and Motion for a New Trial.

Defendant moves for a judgment of acquittal, arguing that there is insufficient evidence to sustain his conviction because the Government failed to prove he was one of the individuals who robbed the bank.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

At trial, the Government introduced evidence that on December 20, 2005, three individuals robbed the First Bank located in Chicago, Illinois. Two bank employees who were working the day of the robbery testified. Oscar Salgado testified that while he was at his teller station, a man with a gun approached him and told him the bank was being robbed. Salgado kept eye contact with the bank robber because he was scared. Salgado was unable to identify Defendant as the individual that

approached him. Connie Villagomez, another bank employee was also unable to identify Defendant as one of the bank robbers.

Stan Stogner, an acquaintance of Defendant, testified that sometime in December 2005, Defendant and two other individuals came to Stogner's house and asked to use a room for some private business. When Strogner later walked into the room, he observed Defendant and the two other individuals' counting a large quantity of cash.

Federal Bureau of Investigation Special Agent Daniel McCune also testified at trial. Agent McCune testified as to Defendant's confession to committing the bank robbery at the time of his arrest on December 12, 2006. The Government also presented portions of video-taped conversations between Defendant and a confidential informant in which Defendant discussed having robbed a bank in the past that was consistent with the manner in which the First Bank was robbed on December 20, 2005. In addition, the Government introduced the surveillance video from the bank robbery, which included footage of the bank robbers, including clear images of the bank robbers' faces.

Defendant's motion is based solely on the argument that the Government failed to prove his identity. Based on the evidence at trial, a rational trier of fact could have found that Defendant was one of the individuals involved in the December 20, 2005 bank robbery. Accordingly, Defendant's Motion for Judgment of Acquittal is denied.

Defendant also moves for new a trial based on the same argument addressed above.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest

2

of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, quoting *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

As discussed above, based on the evidence at trial, a rational trier of fact could have found that Defendant was involved in the December 20, 2005 bank robbery. Thus, a new trial would not be in the interest of justice.

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal and Motion for a New Trial are denied.

Dated: January 24, 2008

JOHN W. DARRAH
United States District Court Judge